Note—OS. Pending case will be found in 3 Abs. 647.

---

No. 976

JOHNSON OIL CO. v. BURKHART et

Ohio Appeals, 3rd Dist., Putnam Co.
No. 177. Decided Oct. 26, 1925

225. CHARGE TO JURY—When agent, in contract, agrees to become responsible for equipment and there is claimed to be leakage of gasoline, causing shortage in accounts, court should not charge on negligence of either principal or agent as to leakage; but should interpret contract as a matter of law.

HUGHES, J.

This action was brought by the Johnson Oil Refining Co. against J. L. Burkhart, the principal defendant, and his surety, in the Putnam Common Pleas to recover for shortages that existed in his accounts as selling agent of the Company.

A contract had been entered into by Burkhart with the Company for handling of gasoline, kerosene, and other oils of the Company. The practice, under the contract, was to ship the gasoline and oils to Burkhart by freight and he unloaded same into storage tanks. After they were unloaded into tanks, they were distributed by the agent by means of truck tanks to retail stations.

Section 9 of the contract provided that the agent was to keep safe any goods delivered to him by the Company and was liable therefor. Section 7 provided that the agent was to furnish the necessary equipment necessary to carry on the business; agent to be responsible for all repairs and renewals to entire equipment used by him at his own expense. It was shown that there was a shortage of about $400.

The only defense plead was a general denial. Burkhart sought to relieve himself from the shortage by claiming that it was due to leakage out of the storage tanks. In submitting the case to the jury, the court did not interpret the contract as a matter of law, but it charged the jury that it was a question of negligence. That is, if Burkhart was found to be free from negligence, then any leakage or shortage that might have occurred by reason of the leakage would be chargeable to the Company and it could not recover; but if the leakage was due to negligence of Burkhart, he would be liable therefor. The jury decided in favor of Burkhart and on error proceedings, the Court of Appeals held:

1. The only defense that might be available to Burkhart is the claim that the shortage is due to leakage; but this is not supported by the weight of evidence.

2. The contract as a matter of law having obligated Burkhart to pay for oil delivered to him, he could not be exonerated by a leakage, the result of a bad condition of the equipment which he failed to remedy, and the charge of the court in this respect was erroneous.

3. The jury should have been told that the contract required Burkhart to keep in repair the equipment, and that by the terms of the contract, if there was found to be a shortage, Burkhart would be liable therefor.

4. There should have been no charge on the question of negligence at all.

Judgment reversed and cause remanded.

Attorneys—Unverferth & Unverferth, Ottawa, for Company; A. A. Slaybaugh, Leipsic, for Burkhart, et.